IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LESTER CORNELIUS MYLES, III**                                          **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 4:20-CV-208-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**[1]                    **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Lester Cornelius Myles, III filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income, a period of disability, and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 21. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on November 30, 2018, alleging onset of disability commencing on September 5, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 22, 2020. (Dkt. 13 p.15-23). The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of the Court is directed to change the docket accordingly.

The ALJ determined the claimant had the following severe impairments: coronary artery disease, hypertension, sleep apnea, and obesity. The ALJ found he retained the residual functional capacity (RFC) to perform sedentary work with the ability to lift/carry/push and pull a maximum of ten pounds. He can stand/walk for two hours and sit for six hours in an eight-hour workday. He can occasionally climb ramps/stairs but must avoid climbing ladders, ropes, or scaffolds. He can frequently balance and occasionally stoop, kneel, crouch, and crawl. He is able to tolerate occasional exposure to extreme cold and must avoid exposure to hazards.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as an order clerk, assembler, and a document preparer. Each of these jobs are unskilled and performed at the sedentary level of exertion. These three jobs represent 105,000, 195,000, and 19,000 jobs respectively in the national economy.

## **ANALYSIS**

The plaintiff asserts the ALJ erred in her analysis of nurse practitioner Gabrielle Victor's opinion when she failed to consider the supportability of Victor's opinion that the plaintiff needed to elevate his legs throughout the day. The regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

The ALJ assigned persuasive value to Victor's opinion finding it "somewhat consistent with the preponderance of the evidence" yet maintained "the records do not reflect the need for the claimant to elevate his legs throughout the day." The plaintiff argues Dr. Jim Adams'

consultative examination supports the plaintiff's need to elevate his legs throughout the workday, pointing to Dr. Adams' finding that he "had 2+ pretibial pitting edema halfway through both knees with moderate venous stasis discoloration restricted to the ankle areas." Because the vocational expert testified there would be no jobs the plaintiff could perform if he were required to elevate his lower extremities for four to five hours out of the workday, the plaintiff contends prejudice is established.

The Commissioner acknowledges the ALJ did not use the term "supportability" in her decision but contends "[t]he ALJ's decision as a whole shows that she properly considered whether nurse practitioner Victor's opinion was supported by the record, and thereby considered the primary factor of supportability as directed by 20 C.F.R. §404.1520(c)(b)(2)." Docket 20 at 6. The ALJ's decision discusses Victor's treatment notes in which the plaintiff denied experiencing edema and showed no signs of edema on physical examination, which the Commissioner contends constitutes her "substantive consideration of the relevant regulatory factors, including supportability." *Id*. At 7. In addition to nurse practitioner Victor's own records, the ALJ notes that most examinations during the relevant period showed no more than trace lower extremity edema or otherwise normal findings

The court finds the ALJ properly evaluated the supportability and consistency of nurse practitioner Victor's opinion under 20 C.F.R. §404.1520c(b)(2), and the evidence supports the ALJ's conclusion that "[t]he limited evidence of edema on examination is not consistent with the need for lower extremity elevation described by the claimant." Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 1st day of November, 2021.

/s/ David A. Sanders  
**UNITED STATES MAGISTRATE JUDGE**